NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-0869

K.P., ET AL.

VERSUS

M.L., JR., ET AL.

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 226,837
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters,
Judges.

AFFIRMED.

Allen A. Krake
Stephanie N. Prestridge
Law Office of Chris J. Roy, Sr.
Post Office Box 1911
Alexandria, LA 71309
(318) 767-1114
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    K.P., individually and for her minor son, K.C.

**Elizabeth Foote**
**Susan C. Segura**
**The Smith Foote Law Firm, LLP**
**Post Office Box 1632**
**Alexandria, LA 71309-1632**
**(318) 445-4480**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Allstate Indemnity Company**

**Peter J. Valeta**
**Meckler, Bulger, Tilson, Marick**
**& Pearson, LLP**
**123 North Wacker Drive, Suite 1800**
**Chicago, IL 60606**
**(312) 474-7900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Allstate Indemnity Company**

PETERS, J.

The issue before us is whether a homeowner's policy issued by Allstate Indemnity Company (Allstate) provides liability coverage to the homeowners and their mentally impaired adult son for liability alleged to result from a criminal sexual assault committed by the son. In granting summary judgment in favor of Allstate, the trial court ruled that the policy did not afford liability coverage in these circumstances. The plaintiffs appeal the trial court's grant of Allstate's motion for summary judgment. For the following reasons, we affirm.

## REVIEW OF THE RECORD

K.P.[1] and her five-year-old son, K.C., were visiting her brother, J.A., and his wife, P.A., on January 28, 2006. During that visit P.A.'s son, M.L., Jr. (M.L.), a mentally infirm adult who was living with the A.s, sexually molested K.C. In May of that year M.L. was charged with indecent behavior with a juvenile, a violation of La.R.S. 14:81. M.L. was subsequently found incompetent to proceed to trial; he was committed pursuant to La.Code Cr.P. art. 648(B)(3).

K.P. brought suit on January 23, 2007, individually and on behalf of K.C., against M.L.; the A.s; and the A.s' insurer, Allstate. K.P. alleged that M.L. is liable for his negligent and/or intentional acts in molesting K.C. and that the A.s are liable for their negligence in failing to supervise M.L. On November 7, 2007, Allstate filed a motion for summary judgment, contending that there is no liability coverage under its policy for the negligent and intentional acts alleged in the plaintiffs' suit. Following a hearing on January 28, 2008, the trial court granted Allstate's motion for summary judgment.

---

[1]Because of the nature of the assault and the age of the minor plaintiff, the plaintiffs, the defendants, and their family members will be referred to in this opinion by their initials.

The plaintiffs appeal, with one assignment of error: that "the trial court improperly granted summary judgment in favor of Allstate Indemnity Company."

**OPINION**

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). This court reviews the trial court's grant or denial of a motion for summary judgment under the *de novo* standard of review, using the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

K.P. first argues that the sexual assault was a covered occurrence under the definitions in Allstate's policy, and therefore there is insurance coverage for M.L.'s liability and the A.s' liability. Allstate's policy provides liability coverage for "damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an occurrence to which this policy applies, and is covered by this part of the policy." In the policy, occurrence is defined as "an accident, including continuous exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**." The term "accident" is not defined by the policy, and K.P. contends that M.L.'s sexual molestation of K.C. "was, from the plaintiffs' viewpoint, an accident"

2

and therefore an occurrence under the policy. We do not address this issue of contract language construction – whether the viewpoint of the victim or the viewpoint of the insured is used to determine whether an event is an accident – because the exclusions to the policy's liability coverage specifically preclude coverage for intentional or criminal acts by an insured.

The exclusions to the liability portion of the policy, Section II, Coverage X, include the restriction that:

> **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, the **insured person**. This exclusion applies even if:
> a)      such **insured person** lacks the mental capacity to govern his or her conduct;
> b)      such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
> c)      such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime.

Thus, under the language of the policy, the damages caused by M.L.'s sexual molestation of K.C. are not covered by Allstate's liability insurance.

K.P. argues that this exclusion does not apply to her suit because she is also suing for mental injuries, and the exclusion is silent as to mental injuries. But her argument defeats itself; Allstate's policy only provides liability coverage for bodily injury and property damage; to the extent that the plaintiffs seek to recover for damages other than bodily injury or property damages, their claim does not fall within the language of the policy's coverage.

Finally, K.P. argues that public policy demands that coverage be provided in this claim, that the exclusion should not be applied because M.L. is mentally

3

incompetent and does not have the capacity to intend the harm that resulted from his actions. K.P. asserts that there is no public policy to be upheld in applying this exclusion, and that applying it is contrary to the recognized public policy in favor of compensating innocent victims. We recognize that "[a]mbiguous policy provisions are generally construed against the insurer and in favor of coverage." *Mayo v. State Farm Mut. Auto. Ins. Co.*, 03-1801, p. 4 (La. 2/25/04), 869 So.2d 96, 100. But here there is no ambiguity in the exclusionary clause, and therefore nothing to construe or interpret. The exclusionary clause prohibits liability coverage in this case.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of the summary judgment dismissing the plaintiffs' suit against Allstate Indemnity Company. We assess all costs of this appeal to K.P., individually and on behalf of her minor son.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.